IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW T. REYES,                               3:15-CV-02206-BR

          Plaintiff,                            OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

          Defendant.


MERRILL SCHNEIDER
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

          Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**MICHAEL S. HOWARD**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2539

      Attorneys for Defendant

**BROWN, Judge.**

      Plaintiff Matthew T. Reyes seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

### ADMINISTRATIVE HISTORY

      Plaintiff filed an application for SSI[1] on December 30, 2011, and alleged a disability onset date of January 7, 2003.

---

      [1] Plaintiff also filed an application for Disability Insurance Benefits (DIB), but he withdrew that application at the February 5, 2014, hearing.

2 - OPINION AND ORDER

Tr. 77.[2]  His application was denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on February 5, 2014.  Tr. 38-76.  At the hearing
Plaintiff and a vocational expert (VE) testified.  Plaintiff was
represented by an attorney.  On March 18, 2014, the ALJ issued an
opinion in which he found Plaintiff is not disabled and,
therefore, is not entitled to benefits.  Tr. 21-36.  On
September 25, 2015, that decision became the final decision of
the Commissioner when the Appeals Council denied Plaintiff's
request for review.  Tr. 1-7.  *See Sims v. Apfel*, 530 U.S. 103,
106-07 (2000).


## BACKGROUND

Plaintiff was born on November 25, 1972, and was 41 years
old at the time of the hearing.  Tr. 77.  Plaintiff completed
eighth grade.  Tr. 54.  Plaintiff has past relevant work
experience as an in-home care provider, gutter installer, and
office cleaner.  Tr. 30.

Plaintiff alleges disability due to headaches "with a
history of traumatic brain injury," a learning disorder, and a
cognitive disorder.  Tr. 23.

Except when noted, Plaintiff does not challenge the ALJ's

---

[2] Citations to the official transcript of record filed by
the Commissioner on April 11, 2016, are referred to as "Tr."

summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 26-29.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th
Cir. 2012).  To meet this burden a claimant must demonstrate his
inability "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which . . . has lasted or can be expected to last for
a continuous period of not less than 12 months."  42 U.S.C.
§ 423(d)(1)(A).  The ALJ must develop the record when there is
ambiguous evidence or when the record is inadequate to allow for
proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d
881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d
453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.  42
U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*,
682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11

(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  It is more than a mere scintilla [of evidence]
but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d
at 690).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).


## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled within the
meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.
2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially

dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(c).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's Residual Functional Capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 416.945(a).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a

6 – OPINION AND ORDER

week, or an equivalent schedule." SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.,* 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged

in substantial gainful activity since his January 7, 2003, alleged onset date.  Tr. 23.

At Step Two the ALJ found Plaintiff has the severe impairments of headaches "with a history of traumatic brain injury," a learning disorder, and a cognitive disorder.  Tr. 23.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ specifically concluded Plaintiff's impairments do not meet or equal the criteria for Listing 12.02.  The ALJ found Plaintiff has the RFC to perform light work and is able to lift and to carry up to 20 pounds occasionally and ten pounds frequently.  Tr. 25.  The ALJ found Plaintiff is limited to "work of a simple, routine and repetitive nature, but would face problems with more detailed instructions and tasks in the workplace."  Tr. 25.  The ALJ also found Plaintiff should not be required to work with the public or "where written literacy in English is a requirement."  Tr. 25.

At Step Four the ALJ found Plaintiff could not perform his past relevant work.  Tr. 30.

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy.  Tr. 30. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred at Step Three when he failed to evaluate whether Plaintiff's impairments meet Listing 12.05(C).

**I.    The ALJ erred at Step Three when he failed to evaluate whether Plaintiff's impairments meet Listing 12.05(C).**

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity.   20 C.F.R. § 416.920(a)(4)(iii).

Plaintiff alleges the ALJ erred at Step Three when he found Plaintiff's impairments did not meet Listing 12.05(C) (Intellectual Disability).

Listing 12.05(C) provides a claimant meets the listing if he meets the following criteria:

> Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22 [and a claimant has]
>
> * * *
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.05(C).

On May 14, 2012, Cheryl Brishchetto, Ph.D., performed a consultative neuropsychological evaluation of Plaintiff and

9 – OPINION AND ORDER

determined Plaintiff had a full-scale IQ score of 65.    Tr. 636.
In addition, the ALJ concluded at Step Two that Plaintiff
suffered the significant impairments of headaches, a learning
disorder, and a cognitive disorder.    The Court, therefore,
concludes the record reflects Plaintiff meets the criteria of
paragraph C, Listing 12.05.

Defendant, however, asserts the record does not support a
finding that Plaintiff meets the first paragraph of Listing 12.05
because the record does not reflect Plaintiff suffered the onset
of an intellectual impairment before age 22.

Courts have held the onset of low-intellectual functioning
before age 22 can be established by "circumstantial evidence to
demonstrate adaptive functioning deficits, such as 'attendance in
special education classes, dropping out of high school prior to
graduation, difficulties in reading, writing, or math, and low
skilled work history."    *Pedro v. Astrue*, 849 F. Supp. 2d 1006,
1012 (D. Or. 2011)(citing *Campbell v. Astrue*, No. 1:09-CV-
00465GSA, 2011 WL 444783, at *17 (E.D. Cal. Feb. 8, 2011)).    *See
also Gomez v. Astrue*, 695 F.Supp.2d at 1049, 1058-59 (C.D. Cal.
2010)(ALJ erred when he failed to evaluate whether Plaintiff's
impairments met Listing 12.05(C) when circumstantial evidence
supported an inference of low-intellectual functioning before age
22).    Here the record reflects Plaintiff completed only eighth
grade.    He did not go to high school or obtain a GED.    Plaintiff

read and spoke English as his first language at home but was required to repeat first grade because he was unable to read in either English or Spanish. Tr. 55, 624. Plaintiff was diagnosed with a learning disorder and placed in special-education cases in elementary school. Tr. 54, 241, 259, 624.

On this record the Court concludes the ALJ erred when he failed to evaluate whether Plaintiff's impairment satisfied Listing 12.05(C).


## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully

developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

The Court has determined the record reflects Plaintiff has an impairment that meets the criteria of paragraph C, Listing 12.05 and the record adequately supports an inference that Plaintiff's impairment also meets the criteria of the first paragraph of Listing 12.05.  After evaluating these determinations in light of the criteria of Listing 12.05(C), the Court concludes Plaintiff has established he satisfies the requirements of Listing 12.05(C), and, therefore, Plaintiff is disabled.  *See* 20 C.F.R. § 416.920(a)(4)(iii)(At Step Three the claimant is disabled if his impairments meet or equal one of a number of listed impairments the Commissioner acknowledges are so

12 - OPINION AND ORDER

severe that they preclude substantial gainful activity).  The
Court, therefore, concludes this matter should not be remanded
for further proceedings.  *See Schneider v. Comm'r*, 223 F.3d 968
(9th Cir. 2000).  *See also Reddick*, 157 F.3d at 729 ("We do not
remand this case for further proceedings because it is clear from
the administrative record that Claimant is entitled to
benefits."); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.
1989)(if remand for further proceedings would only delay the
receipt of benefits, judgment for the claimant is appropriate).

      Accordingly, the Court remands this matter for the immediate
calculation and award of benefits to Plaintiff.


                            **CONCLUSION**

      For these reasons, the Court **REVERSES** the decision of
the Commissioner and **REMANDS** this matter pursuant to sentence
four of 42 U.S.C. § 405(g) for the immediate calculation and
award of benefits.

      IT IS SO ORDERED.

      DATED this 4th day of November, 2016.


                                   _Anna J. Brown_____
                                   ANNA J. BROWN
                                   United States District Judge


13 - OPINION AND ORDER